**Debra HORTA, Plaintiff, Appellant,**

v.

**Charles B. SULLIVAN, et al., Defendants, Appellees.**

**No. 92–1962.**

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1993.

Decided Sept. 29, 1994.

Sheila M. Tierney with whom Tierney Law Office, New Bedford, MA, was on brief, for appellant.

Linda M. Walsh with whom Kroll & Tract, Boston, MA, was on brief, for appellees Charles B. Sullivan, Paul G. Sadeck, Edward Mello and Town of Freetown.

James F. Gettens with whom Healy & Rocheleau, P.C., Worcester, MA, was on brief, for appellees Jeffrey Mennino, James K. Bowles, and Town of Lakeville.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

In our earlier disposition of this appeal[1], we disposed of all claims except appellant's claim against the town of Lakeville under the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258 (Count IV). We retained appellate jurisdiction over the latter claim against Lakeville pending an answer to the following question, which we certified to the Massachusetts Supreme Judicial Court pursuant to its Rule 1:03:

> Do the discretionary decisions of a police officer to begin and continue the high-speed pursuit of a vehicle then being operated in violation of law involve policymaking or planning for purposes of immunity under Massachusetts General Law ch. 258, § 10(b)?

The Massachusetts court has now answered that question in the negative. *Horta v. Sullivan*, 418 Mass. 615, 615, 638 N.E.2d 33 (1994). Accordingly, Mennino's actions were not entitled to immunity under § 10(b), and the district court's granting of summary judgment on Count IV in favor of Lakeville was improper.[2] *Horta v. Sullivan*, 4 F.3d 2, 24 (1st Cir.1993). We therefore vacate summary judgment on this claim and remand to the district court for further proceedings consistent with our opinion herein and the opinion of the Massachusetts Supreme Judicial Court. We note that while our certification was pending before the Massachusetts high court, the Massachusetts state legislature amended the Massachusetts Tort Claims Act. *See* Act approved January 14, 1994, 1993 Mass.Legis.Serv. ch. 495, §§ 57, 144 (H.B. 5620) (West). The Supreme Judicial Court did not rule on how these amendments might affect Horta's claim, if at all, since the issue was not before it. *See Horta*, 418 Mass. at 622 n. 14, 638 N.E.2d 33. We similarly do not reach this issue, but anticipate that the district court, if called on to do so by one or more of the parties, will rule on

---

1. *Horta v. Sullivan*, 4 F.3d 2 (1st Cir.1993).

2. Although for other reasons we earlier vacated summary judgment on appellants' claim against Freetown under the Massachusetts Tort Claims Act, *Horta*, 4 F.3d at 25, the answer of the Massachusetts Supreme Judicial Court to our certified question appears germane to that claim as well, as we thought might be the case. *Id.* Since that claim is no longer before us, however, we do not address it at this time, but leave to the parties and the district court any action that may be appropriate in light of the Massachusetts court's opinion.

the materiality of these amendments to the pending claim and will factor the amendments into its final outcome if and to the extent appropriate.

*Count IV is vacated and remanded.*